UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KENNETH LEANDER HARRIS,

     Petitioner,

v.                             CASE NO. 6:15-cv-349-Orl-31GJK
                                    (6:11-cr-206-Orl-31GJK)

UNITED STATES OF AMERICA,

     Respondent.

_____

## ORDER

This case is before the Court on Petitioner's Amended 28 U.S.C. § 2255 motion (Doc. 4), the Government's Response (Doc. 9), and Petitioner's Reply (Doc. 15). In ground eight, Petitioner contends *inter alia* "[a]ssuming that the robberies should have counted as but a single offense for sentencing purposes, then [Petitioner] is actually innocent of the sentences imposed on the robberies. . . and must be resentenced." (Doc. 4 at 23). Upon first review of this ground, it appears Petitioner is asserting that he could only be sentenced for one count of Hobbs Act robbery. However, after reviewing the case law on which Petitioner relies to support this claim, it appears Petitioner may be arguing that his prior convictions for robbery with a firearm only count as a single prior conviction for sentencing purposes. Likewise, in ground nine, Petitioner complains that counsel rendered ineffective assistance "during the sentencing hearing when counsel failed to argue that prior convictions did not trigger application of enhanced sentence under 18 U.S.C. § 3559(c)." (Doc. 4 at 25).

In addressing ground eight, the Government only discussed the argument that Petitioner could not be sentenced for more than one count of Hobbs Act robbery.[1]   *See* Doc. 9 at 7-8.   The Government correctly contends that this argument is unavailing.   In addressing ground nine, the Government asserts that Petitioner's prior convictions for robbery and trafficking in cocaine qualify him to be a career offender.   (*Id*. at 15-16).   To the extent Petitioner is arguing that his prior convictions for robbery count as a single prior conviction and that he does not qualify for a sentencing enhancement under § 3599(c), as discussed hereinafter, the Court concludes additional briefing is required from the parties on grounds eight and nine.

Petitioner received enhanced sentences of life for his Hobbs Act robbery convictions based on application of 18 U.S.C. § 3559.   Section 3559 provides:

> Notwithstanding any other provision of law, a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if —
>
> **(A)** the person has been convicted (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of —
>
> **(i)** 2 or more serious violent felonies; or
>
> **(ii)** one or more serious violent felonies and one or more serious drug offenses; and

---

[1] Petitioner failed to raise this ground on direct appeal.   However, the Government failed to assert that ground eight is procedurally barred.   Thus, the Court must address the merits of the claim in light of the Government's waiver of the procedural default.

**(B)** each serious violent felony or serious drug offense used as a basis for sentencing under this subsection, other than the first, was committed after the defendant's conviction of the preceding serious violent felony or serious drug offense.

18 U.S.C. § 3559(c)(1).   The term "serious violent felony" is defined in relevant part as:

any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense.

18 U.S.C. § 3559(c)(2)(F)(ii).   A "serious drug offense" is "an offense under State law that, had the offense been prosecuted in a court of the United States, would have been punishable under section 401(b)(1)(A) or 408 of the Controlled Substances Act (21 U.S.C. 841(b)(1)(A), 848) or section 1010(b)(1)(A) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)(1)(A))."   18 U.S.C. § 3559(c)(2)(H)(ii).

The 18 U.S.C. § 3559(c) information filed by the Government prior to trial listed the following prior convictions: (1) July 11, 1988 conviction for trafficking in cocaine (CR88-1558), (2) February 17, 1992 convictions for robbery with a firearm and armed aggravated battery (CR91-4887), (3) February 17, 1992 conviction for robbery with a firearm (CR91-5085), (4) February 17, 1992 conviction for robbery with a firearm (CR91-5289), (5) February 17, 1992 conviction robbery with a firearm or destructive device, (6) May 2, 1992 conviction for robbery with a firearm (CR91-4774),[2] (7) March 22, 1993

---

[2] The information seemingly contains incorrect dates for the robbery with a

3

conviction for battery on a law enforcement officer (CR92-4053), and (8) January 7, 1994 conviction for battery on a law enforcement officer (CR93-7453).   (Criminal Case Doc. 15).   The Government also attached the judgments and sentences for each of these convictions.   (Criminal Case Doc. Nos. 15-1 – 15-8).   Counsel did not object to the use of any of these convictions for sentencing purposes.

Petitioner's 1988 conviction for trafficking in cocaine seemingly did not qualify as a serious drug offense under 18 U.S.C. § 3559(c) because it was for trafficking in more than 28 grams but less than 200 grams, which is less than the five kilogram amount required for punishment under 21 U.S.C. § 841(b)(1)(A)(ii).   *See* Criminal Case Doc. 15-1 (indicating that the conviction for trafficking in cocaine was pursuant to Section 893.135(1)(b)(1), Florida Statutes); *see also* 18 U.S.C. § 3599(c)(2)(H)(ii) (defining "serious drug offense" as "an offense under State law that, had the offense been prosecuted in a court of the United States, would have been punishable under section 401(b)(1)(A) or 408 of the Controlled Substances Act (21 U.S.C. 841(b)(1)(A), 848) or section 1010(b)(1)(A) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)(1)(A)); *United States v. Sanchez,* 586 F.3d 918, 930 (11th Cir. 2009).

Furthermore, although the § 3559 information indicated that five of the robbery

---

firearm convictions.   The judgments and sentences for the offenses indicate that the sentences for all of the robbery convictions were imposed on May 4, 1992.   *See* Criminal Case Doc. 15-2 – 15-6.   The PSI also indicates that the sentences were imposed on May 4, 1992.   *See* PSI at 13-15.

with a firearm convictions occurred on February 17, 1992, and the remaining robbery with a firearm conviction occurred on May 2, 1992, the sentences for each of those convictions were entered on May 4, 1992.   *See* Criminal Case Doc. 15-2 – 15-6. Therefore, these convictions would appear to constitute only one qualifying serious violent felony under 18 U.S.C. § 3559(c).[3]   *See, e.g., United States v. Rolon*, 445 F. App'x 314, 320 (11th Cir. 2011) (noting that Ortiz's multiple serious violent felonies committed on separate dates did not constitute more than one violent felony under § 3559(c) because he was convicted of the offenses on the same date).

The remaining two convictions listed in the § 3559(c) information were for battery on a law enforcement officer.   (Criminal Case Doc. 15 at 2).   The judgments for these convictions indicate that they were convictions for third degree felonies imposed under Sections 784.03 and 784.07(2)(b), Florida Statutes.   (Criminal Case Doc. Nos. 15-7, 15-8). Pursuant to Section 775.082(3)(d), Florida Statutes, a third degree felony is punishable by a term of imprisonment *not exceeding five years*.   Fla. Stat. § 775.082(3)(d).   Therefore, it

---

[3] The Eleventh Circuit has held where "'predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA.'"   *United States v. Brown*, 404 F. App'x 370, 372 (11th Cir. 2010) (quoting *United States v. Pope*, 132 F.3d 684, 692 (11th Cir. 1998)).   At least three of Petitioner's prior convictions for robbery with a firearm were successive because they were committed on separate dates.   *See* PSI at 10-15.   Therefore, these convictions could be considered for purposes of the ACCA.   *See* 18 U.S.C. § 924(e)(1) (requiring prior convictions arising from offenses to have been "committed on occasions different from one another"). Consequently, it does not appear Petitioner's fifteen year sentence for violation of 18 U.S.C. § 922(g) is improper.

appears that these convictions do not qualify as serious violent felonies under § 3559(c) because they were not punishable by a maximum term of ten years or more.  *See* 18 U.S.C. § 3559(c)(2)(F)(ii).

Furthermore, assuming these convictions were punishable by a maximum term of imprisonment of ten years or more, it is arguable whether they meet the definition of a serious violent felony under § 3559(c).  Similar to the Armed Career Criminal Act's ("ACCA") definition of a violent felony,[4] § 3559(c)(2) defines a "serious violent felony" *inter alia* as "any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense. . . ."   18 U.S.C. § 3559(c)(2)(F)(ii).   On March 2, 2010, in *Johnson v. United States*, 559 U.S. 133 (2010) ("*Johnson I*"), the Supreme Court held that a conviction pursuant to

---

[4] Pursuant to the ACCA,

> A "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year" that:
>
> "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B).

*Johnson*, 559 U.S. at 136.

Florida's felony battery statute is not categorically a crime of violence under the ACCA's elements clause.   *See also* 18 U.S.C. § 924(e)(2)(B)(i) (defining a violent felony under the elements clause as one that "has as an element the use, attempted use, or threatened use of physical force against the person of another").   The elements clause of the ACCA and § 3559 are identical.   Thus, Petitioner's convictions for battery on a law enforcement officer would not categorically be a serious violent felony under § 3559(c)'s "elements" clause in light of *Johnson I.*   Nevertheless, the Supreme Court in *Johnson I* did not address whether a battery conviction would qualify as a violent felony under the residual clause of the ACCA.   *Id.*; *see also* 18 U.S.C. § 924(e)(2)(B)(ii) (defining a violent felony under the residual clause as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another").

Before and after the issuance of *Johnson I,* courts utilized the residual clause of the ACCA and career offender guideline or the modified categorical approach to determine whether a conviction for battery on a law enforcement officer qualified as a violent felony under the elements clause of the ACCA or career offender guideline.   *See, e.g., Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1339 (11th Cir. 2013), *abrogated by Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*"); *Rozier v. United States*, 701 F.3d 681 (11th Cir. 1012) (noting that in *United States v. Rozier*, 37 F. App'x 499 (11th Cir. 2002) it held "that although Rozier's Florida battery on a law enforcement officer conviction did not qualify as a crime of violence under the elements clause of § 4B1.2(a)(1), it did qualify as

a crime of violence under the residual clause of § 4B1.2(a)(2).”); *Pickett v. United States*, No. 06-60304-CR, 2011 WL 1303810, at *4 (S.D. Fla. Feb. 28, 2011) *report and recommendation adopted*, No. 06-60304-CR, 2011 WL 1256602 (S.D. Fla. Apr. 1, 2011) (“Either of Pickett’s convictions for battery on a law enforcement officer (BOLEO), Fla. Stat. § 784.07 as found in case number 91–003432–CF–10A and case number 01–008466–CF–10A, constitute predicate offenses pursuant to the ACCA under both the elements and residual clauses.”).   Under the modified categorical approach, “[w]hen the law under which the defendant has been convicted contains statutory phrases that cover several different generic crimes, some of which require violent force and some of which do not, . . . a court [may] determine which statutory phrase was the basis for the conviction by consulting the trial record—including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms.”   *Johnson I*, 559 U.S. at 144.   The Eleventh Circuit also permits district courts to consider “undisputed facts contained in a PSI.”   *United States v. Ramirez-Flores*, 743 F.3d 816, 820 (11th Cir. 2014).

The PSI in the instant case did not provide any detail regarding Petitioner’s convictions for battery on a law enforcement officer that are listed in the § 3599 information.   *See* PSI at 10, 15.   Therefore, if the modified categorical approach is applicable for determining whether a prior conviction qualifies as a serious violent felony under § 3559, there is no information from which the Court could make a determination

8

that Petitioner's convictions for battery on a law enforcement officer qualify as a serious violent felony under this approach.   Consequently, the only provision by which these convictions could be deemed to be serious violent felonies under § 3559(c) would be pursuant to the "residual" clause of § 3559(c)(2)(F)(ii).

At the time of Petitioner's sentencing on August 12, 2012, a prior conviction for battery on a law enforcement officer had been deemed by some courts to be a violent felony under the ACCA's residual clause, which is similar to 18 U.S.C. § 3559(c)(2)(F)(ii). On June 26, 2015, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."   *Johnson II*, 135 S. Ct. at 2563 (2015).   Additionally, the Eleventh Circuit Court of Appeals has indicated that *Johnson II* applies retroactively to a first motion to vacate.[5]   *See In re Rivero*, 797 F.3d 986, 991 (11th Cir. 2015) (holding that *Johnson II* announced a new substantive rule of constitutional law and stating "[i]f Rivero . . . were seeking a first collateral review of his sentence, the new substantive rule from *Johnson* [*II*] would apply retroactively.").   If the same construction is given to § 3559(c)(2)(F)(ii) as was given to the ACCA's definition of violent felony in *Johnson II*, it is not clear that Petitioner's battery on a law enforcement convictions qualify as serious

---

[5] The Supreme Court recently granted certiorari in *Welch v. United States,* No. 15–6418, 136 S. Ct. 790, 2016 WL 90594 (U.S. Jan. 8, 2016), to decide whether *Johnson II* applies retroactively to cases that are on collateral review.

violent felonies assuming they are punishable by more than ten years.   For all of these reasons, a question exists as to whether Petitioner qualified or currently qualifies for a sentencing enhancement under 18 U.S.C. § 3559 and whether counsel rendered ineffective assistance by failing to argue that Petitioner's prior convictions did not trigger application of an enhanced sentence under 18 U.S.C. § 3559(c).

In light of the foregoing, the Court concludes that additional briefing is warranted on grounds eight and nine.   Accordingly, within **THIRTY (30) DAYS** from the date of this Order, the Government shall file a Supplemental Response addressing whether Petitioner's prior convictions constitute serious violent felonies, and whether counsel was ineffective for failing to object to the use of Petitioner's prior convictions as a basis for enhanced sentences.

**DONE AND ORDERED** in Orlando, Florida, this 15th day of March, 2016.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 3/15
Kenneth Leander Harris
Counsel of Record