UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KENNETH LEANDER HARRIS,

      Petitioner,

v.                                 CASE NO. 6:15-cv-349-Orl-31GJK
                                        (6:11-cr-206-Orl-31GJK)

UNITED STATES OF AMERICA,

      Respondent.

_____

## ORDER

This case involves an amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 4).   The Government filed a response (Doc. 9) and supplemental response (Doc. 19) to the amended motion.   Petitioner filed a reply to the response (Doc. 15).

Petitioner asserts fifteen grounds for relief.   For the following reasons, the motion is denied in part and granted in part as to a portion of ground eight.

## I.   *Procedural History*

Petitioner was charged by indictment with four counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and (b) (Counts One, Four, Six, and Nine); four counts of using and carrying a firearm during a Hobbs Act robbery in violation of 18 U.S.C. § 924(c)(1)(A) (Counts Two, Five, Seven, and Ten); and two counts of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1)

(Counts Three and Eight).   (Criminal Case No. 6:11-cr-206-Orl-31KRS, Doc. 1).[1]   The Government subsequently filed an information pursuant to 18 U.S.C. § 3559(c), noting its intent to seek mandatory life sentences upon conviction based on Petitioner's prior serious drug offenses and violent felonies.   (*Id.* at Doc. 15).   A jury found Petitioner guilty of Counts One, Two, and Six through Ten but was unable to reach a verdict as to Counts Three, Four, and Five.   (*Id.* at Doc. 61).   The Government moved to dismiss Counts Three, Four, and Five, and the Court granted the motion.   (*Id.* at Doc. 86).   The Court sentenced Petitioner to concurrent terms of life in prison for Counts One, Six, and Nine; to an 84-month term of imprisonment for Count Two to run consecutive to the terms for Counts One, Six, and Nine; to a 300-month term of imprisonment for Count Seven to run consecutive to the terms for Counts One, Two, Six, and Nine; to a 180-month term of imprisonment for Count Eight to run concurrent to the terms for Counts One, Six, and Nine; and to a 300-month term of imprisonment for Count Ten to run consecutive to the terms for Counts One, Two, Six, Seven, and Nine.   (*Id.* at Doc. 94).

Petitioner appealed.   The Eleventh Circuit Court of Appeals affirmed.   (*Id.* at Doc. 115).

## II.   LEGAL STANDARD

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668

---

[1] Criminal Case No. 6:11-cr-206-Orl-31KRS will be referred to as "Criminal Case."

2

(1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

# III.   ANALYSIS

## A.   Ground One

Petitioner asserts his right to due process was violated by the imposition of life sentences for Counts One, Six, and Nine.   In support of this ground, he argues that these sentences exceed the statutory maximum the Court could impose pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

This Court "is not required to reconsider claims of error that were raised and disposed of on direct appeal."   *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000).   If a claim has previously been raised on direct appeal and decided adversely to a defendant, it cannot be relitigated in a collateral attack under § 2255.   *Id*.   As a result, claims that were raised and resolved in a defendant's direct appeal will not be reconsidered by the Court.

Petitioner raised this ground on direct appeal.   *See* Doc. 9-1.   The Eleventh Circuit Court of Appeals concluded that the imposition of mandatory life sentences pursuant to 18 U.S.C. § 3559(c) based on Petitioner's prior convictions does not violate *Apprendi*.   (Criminal Case Doc. 115 at 5-9).   Consequently, the Court will not reconsider this ground.   Accordingly, ground one is denied.

## B.   Ground Two

Petitioner contends counsel rendered ineffective assistance by failing to move to sever the two counts for felon in possession of ammunition from the remaining counts.

He further complains that the Hobbs Act robbery counts should have been severed from each other.    Petitioner contends these counts should have been tried separately because they were prejudicial to each other.

A district court may decline to sever a felon-in-possession count from other counts if precautions are taken to mitigate against prejudice.   *See United States v. King,* 233 F. App'x 969, 973 (11th Cir. 2007) (citing *United States v. Bennett,* 368 F.3d 1343, 1351 (11th Cir. 2004), *vacated on other grounds,* 543 U.S. 1110 (2005)).    These precautions may include (1) instructing the jury to limit its consideration of the prior conviction to only the felon-in-possession count and (2) ensuring the defendant's prior conviction is not unduly emphasized.   *See, e.g., United States v. Jiminez,* 983 F.2d 1020, 1023 (11th Cir. 1993); *United States v. York,* 428 F.3d 1325, 1334 (11th Cir. 2005) (a limiting instruction is a significant factor favoring denial of a motion to sever); *United States v. Walser,* 3 F.3d 380, 387 (11th Cir. 1993) (severance not required if possible prejudice may be cured by a cautionary instruction).    Additionally, "[t]he parties may also stipulate to the existence of defendant's prior conviction, without further detail, along with a limiting instruction to the jury."   *United States v. Kale,* No. 10-20410-CR, 2011 WL 3703082, at *1 (S.D. Fla. Aug. 23, 2011) (citing *King,* 233 F. App'x at 973).

Similarly, multiple charges of robbery do not warrant severance absent a showing of compelling prejudice.   *See, e.g., United States v. Bone,* 433 F. App'x 831, 834 (11th Cir. 2011).    Such prejudice may be avoided when the Government presents "evidence of each

5

robbery in an organized and sequential manner," thereby minimizing the opportunity for juror confusion regarding which evidence relates to each robbery.   *Id*.   Further, a jury instruction directing the jury to consider the evidence for each count separately mitigates prejudice.   *Id*.

In the instant case, Petitioner stipulated that he had previously been convicted of a felony.   (Criminal Case Doc. 56 at 17).   Furthermore, Petitioner's felon status was not unduly emphasized at trial, nor was the nature and number of Petitioner's prior convictions known by the jury.   The Court also instructed the jury that it had to "consider each crime and the evidence relating to it separately" and that a finding of guilty or not guilty of one offense must not affect the verdict for any other offense.   (*Id*. at 20).   Finally, the Government systematically presented evidence for each of the Hobbs Act robbery counts, such that there was no confusion concerning the evidence presented for each count.   For these reasons, Petitioner has not demonstrated prejudice resulted from counsel's failure to move to sever the counts for trial.   Accordingly, ground two is denied.

### C.   Ground Three

Petitioner contends he was denied due process because he was convicted of non-existent offenses or duplicitous counts.   In support of this ground, Petitioner argues that he did not separately possess the ammunition from the firearm, and thus, Counts Three and Eight must be dismissed.   (Doc. 4 at 11).   Petitioner further argues that the using

and carrying a firearm during a robbery counts (Counts Two, Five, Seven, and Ten) were duplicitous because he was charged in each count with committing the offense in both manners provided for by 18 U.S.C. § 924(c).   *Id.*

Initially, the Court notes that "[a] federal criminal defendant who fails to preserve a claim by objecting at trial or raising it on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice."   *Rivers v. United States*, 476 F. App'x 848, 849 (11th Cir. 2012).   Petitioner failed to raise this ground on direct appeal.   However, the Government failed to assert that ground three is procedurally barred.   Thus, the Court must address the merits of Petitioner's ground in light of the Government's waiver of the procedural default.   *See Howard v. United States*, 374 F.3d 1068, 1073 (11th Cir. 2004) (holding in § 2255 case that Government's failure to raise procedural default waives the procedural bar defense); *Shukwit v. United States*, 973 F.2d 903, 904 (11th Cir. 1992) (stating that procedurally defaulted claim was cognizable in § 2255 proceeding when Government had failed to raise procedural default in district court).

The Eleventh Circuit has held that "'simultaneous possession of a firearm and ammunition should be punished as one offense.'"   *United States v. Jones*, 601 F.3d 1247, 1259 (11th Cir. 2010) (quoting *United States v. Hall*, 77 F.3d 398, 402 (11th Cir. 1996), *abrogation on other grounds recognized by United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008)).   However, "where a defendant has possessed different weapons at different

times or places, the government may treat them as separate units of prosecution and charge multiple counts." *Id.* (citing *United States v. Bonavia*, 927 F.2d 565, 568-69 (11th Cir. 1991)).

Additionally, to prove a violation of 18 U.S.C. § 924(c), "the government must show that the defendant (1) knowingly used or carried a firearm during and in relation to [a crime of violence] for which he could be prosecuted in a court of the United States, *or* (2) possessed a firearm in furtherance of such a crime." *United States v. Mack*, 572 F. App'x 910, 921 (11th Cir. 2014) (emphasis added) (citing *United States v. Woodard,* 531 F.3d 1352, 1362 (11th Cir. 2008)). The Eleventh Circuit has held that "[w]here the language of a statute proscribes several means by which the defendant might have committed a violation, the government may plead the offense conjunctively and satisfy its burden of proof by any one of the means." *United States v. Cornillie*, 92 F.3d 1108, 1110 (11th Cir. 1996) (citing *United States v. Burton,* 871 F.2d 1566, 1573 (11th Cir. 1989)). Consequently, "[a]n indictment is not duplicitous if, in one count, it charges a defendant with violating the statute in both ways." *Burton,* 871 F.2d at 1574.

In the instant case, Petitioner was charged in Counts Three and Eight with possessing different ammunition at different times. *See* Criminal Case Doc. 1 at 2-3, 6-7). Therefore, the Government permissibly treated them as separate units of prosecution and was allowed to charge them as multiple counts. Likewise, the Government was permitted pursuant to Eleventh Circuit precedent to plead the counts

alleging violation of 18 U.S.C. § 924(c) in the conjunctive because the statute proscribes two manners by which the offense is committed. Thus, Petitioner has not established that he was charged with duplicitous or non-existent offenses. Accordingly, ground three is denied.

### D. Grounds Four and Five

In ground four, Petitioner maintains appellate counsel rendered ineffective assistance by failing to argue that Counts Three and Eight and Counts Two, Five, Seven, and Ten are duplicitous or non-existent offenses as asserted *supra* in ground three. (Doc. 4 at 12). Petitioner further complains that appellate counsel failed to argue that his sentences for Counts Two, Seven, and Ten were unauthorized. (*Id*.). Similarly, in ground five Petitioner contends trial counsel rendered ineffective assistance by failing to move to dismiss Counts Three and Eight of the indictment because use and possession of "the firearm and ammunition constituted a single unit of prosecution, and could not be separately charged." (*Id*. at 14).

It is well established that a defendant has the right to effective counsel on appeal. *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984). The Eleventh Circuit Court of Appeals has applied *Strickland* to guide its analysis of ineffective assistance of appellate counsel claims. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991); *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987). "[T]he only question under the prejudice prong of the *Strickland* test is whether there was a reasonable probability that the appellate court,

. . . would have granted [the petitioner] a new trial[,]" had appellate counsel not been deficient. *Ferrell v. Hall*, 640 F.3d 1199, 1236 (11th Cir. 2011) (quoting *Clark v. Crosby*, 335 F.3d 1303, 1312 n. 9 (11th Cir. 2003)).

Petitioner has not established deficient performance or prejudice based on counsel's failure to raise these issues on appeal. Likewise, he has not shown that trial counsel was deficient for failing to move to dismiss Counts Three and Eight or that prejudice resulted from counsel's failure to do so. As discussed *supra*, Petitioner was not charged or convicted of duplicitous or non-existent offenses.

Furthermore, Petitioner has not established that his sentences for Counts Two, Seven, and Ten were unauthorized. Finally, Petitioner was not charged in Counts Three and Eight with possessing a firearm and ammunition but instead with possessing different ammunition on different dates. To the extent Petitioner is attempting to argue that he could not be charged with violations of 18 U.S.C. §§ 922(c) and (g), this argument is without merit. These statutes criminalize different conduct and contain differing elements. Thus, double jeopardy does not result from convictions pursuant to these statutes. *See, e.g., United States v. Lawrence*, 928 F.2d 36, 38-39 (2d Cir. 1991) (holding convictions pursuant to §§ 922(g) and 924(c) do not violate double jeopardy because the statutes make clear that Congress intended to impose cumulative punishments). Accordingly, grounds four and five are denied.

10

E.      Ground Six

Petitioner asserts counsel rendered ineffective assistance by failing to object to the admission of a hat seized from Petitioner's home.   Petitioner argues that the hat was not similar to the one worn by the robber during one of the robberies and the prosecutor improperly argued that the color difference of the hat from the one depicted in the video was due to lighting.   (Doc. 4 at 16).

Petitioner has not established that counsel was deficient for failing to object to the admission of the hat or that prejudice resulted therefrom.   The evidence presented at trial, which included video recordings of some of the robberies, established that the perpetrator wore a Nike baseball hat during the November and December 2009 incidents. A witness testified that he was not sure if the cap was black or blue.   (Criminal Case Doc. 79 at 95-96).   The Government introduced into evidence a blue Nike baseball cap found in Petitioner's residence.   (Criminal Case Doc. 80 at 50).   The hat had a light blue logo on it, whereas the logo appeared to be white on the videos.   (*Id*. at 64, 80).   The Government also introduced photographs of the Nike baseball cap into evidence. (Criminal Case Doc. Nos. 63-57, 63-58, 63-59, 63-60, 63-61, 63-62, 63-63, 63-64).   The logo appeared to be white in some of the photographs and blue in others.   (*Id*.).

Given the testimony and videos depicting the perpetrator wearing a Nike baseball cap and the similarity of the hat recovered from Petitioner's residence to the one worn by the perpetrator, the hat was admissible.   Furthermore, the Government was permitted

to argue that the logo and hat color appeared different based on changes in lighting given that photographs were admitted reflecting this.   (Criminal Case Doc. 80 at 135-36). Consequently, counsel had no reason to object to the admission of the hat or to the prosecutor's argument.

Moreover, the evidence against Petitioner was substantial even without the hat. Multiple witnesses identified Petitioner as the perpetrator.   Additionally, the jury saw videos of the offenses in which the perpetrator was clearly observable.   Thus, a reasonable probability does not exist that the outcome of the trial would have been different had the hat not been admitted into evidence.   Accordingly, ground six is denied pursuant to *Strickland*.

## F.   Ground Seven

Petitioner asserts counsel rendered ineffective assistance by failing to object and move for a mistrial when the Court made an inquiry into the jury's deliberative process. Specifically, Petitioner complains that the Court prematurely wrote a note asking the jury if it had reached a verdict on some counts after the jury indicated it had reached an impasse as to Counts Three, Four, and Five.   (Doc. 4 at 17-18).   Petitioner contends that the question was premature because the jury had not completed its deliberations.   (*Id*.). Petitioner further asserts that counsel failed to investigate or obtain an expert to testify about eyewitness testimony.   (*Id.* at 19-20).

Petitioner has not established either deficient performance or prejudice.   After

12

the jury sent a note indicating that it had reached an impasse as to Counts Three, Four, and Five and could not reach a verdict on those counts, the Court reasoned that the jury had reached a decision as to the other counts.   (Criminal Case Doc. 81 at 9-10). Consequently, the Court proposed asking the jury if it had reached an agreement on the other counts.   (*Id*. at 10).   The parties agreed with the Court's proposal, and the Court sent the jury a note asking the question.   (*Id*. at 11-12).   The jury responded affirmatively that it had reached a verdict on the other counts.   (*Id*. at 12).   The parties agreed that an *Allen* charge was not appropriate as to the remaining counts.   (*Id*. at 12). Subsequently, the Court asked the jury if it had done everything it could to reach an agreement on the remaining counts, and the jury affirmed that it had.   (*Id*. at 12-13).

In light of the jury's note, it was logical for the Court to assume a verdict had been reached on some counts.   This assumption was confirmed by the jury's response to the Court's inquiry.   Petitioner has not cited, nor is the Court aware of, any law prohibiting the action taken by the Court in regard to the jury's question.   Thus, counsel had no basis on which to object to the Court's question.   More importantly, Petitioner has not shown that prejudice resulted from the question.   The jury clearly had reached a verdict as to some counts at the time the Court asked the question.   The question did not serve to limit the jury's deliberations.   Consequently, a reasonable probability does not exist that the outcome of the trial would have been different had counsel objected to the Court's question to the jury.

Likewise, Petitioner has not established counsel was ineffective for failing to investigate or call an expert witness.   Petitioner does not state what counsel failed to investigate.   Counsel competently defended Petitioner and clearly had investigated the case given his cross-examination of the witnesses.   Counsel also thoroughly challenged the reliability of the eyewitness identifications through cross-examination.   Petitioner has not demonstrated what testimony, if any, an expert would have been able to provide. Therefore, Petitioner has not shown deficient performance or prejudice.   Accordingly, ground seven is denied.

### G.     Grounds Eight and Nine

In ground eight, Petitioner asserts that the robberies constituted a common scheme or plan and thus required a single sentence.[2]   (Doc. 4 at 22).   Petitioner also contends *inter alia* "[a]ssuming that the robberies should have counted as but a single offense for sentencing purposes, then [Petitioner] is actually innocent of the sentences imposed on the robberies . . . and must be resentenced."   (*Id*. at 23).

Similarly, in ground nine, Petitioner maintains counsel rendered ineffective assistance by failing to object to his classification as a career offender.   (Doc. 4 at 25).   In support of this ground, Petitioner argues that his conviction for battery on a law

---

[2] Petitioner failed to raise this ground on direct appeal.   However, the Government failed to assert that ground eight is procedurally barred.   Thus, the Court must address the merits of the claim in light of the Government's waiver of the procedural default.

enforcement office does not qualify as a predicate offense.   (*Id*.).   Petitioner further contends that the Presentence Investigation Report ("PSR") only delineated two predicate offenses, and therefore, the Court was without jurisdiction to impose an enhanced sentences pursuant to 18 U.S.C. § 3559(c) for the robbery convictions.   (Doc. 4 at 26-27).   Petitioner also complains that counsel rendered ineffective assistance "during the sentencing hearing when counsel failed to argue that prior convictions did not trigger application of enhanced sentence under 18 U.S.C. § 3559(c)."   (Doc. 4 at 25).

The Government concedes that Petitioner does not have the requisite prior serious violent felonies or serious drug offenses to qualify him for enhanced sentences under 18 U.S.C. § 3559.   *See* Doc. 19 at 6-7; *see also* Doc. 18.   Consequently, Petitioner's sentences of life for the Hobbs Act robbery convictions, Counts One, Six, and Nine, exceeded the maximum allowed by law and are improper.   Petitioner, therefore, is entitled to resentencing on Counts One, Six, and Nine, and ground nine is moot to the extent Petitioner asserts counsel rendered ineffective assistance by failing to object to the § 3559(c) sentencing enhancement.

Petitioner has not cited, nor is the Court aware of, any law holding that separate Hobbs Act robberies committed on different days require a single sentence.   Therefore, any argument that Petitioner should have received a single sentence for all of his robbery convictions is not meritorious.

To the extent Petitioner maintains that his prior convictions for robbery with a

firearm could not be used to qualify him for an ACCA sentence, Petitioner is not entitled to relief.   The Eleventh Circuit has held where "'predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA.'"   *United States v. Brown*, 404 F. App'x 370, 372 (11th Cir. 2010) (quoting *United States v. Pope*, 132 F.3d 684, 692 (11th Cir. 1998)).   At least three of Petitioner's prior convictions for robbery with a firearm were successive because they were committed on separate dates.   *See* PSR at 10-15.   Therefore, these convictions could be considered for purposes of the ACCA.   *See* 18 U.S.C. § 924(e)(1) (requiring prior convictions arising from offenses to have been "committed on occasions different from one another"); *see also United States v. McCloud*, Case No. 14-14547, 2016 WL 1039550 (11th Cir. Mar. 16, 2016). Thus, Petitioner's sentence of 180-month for Count Eight was appropriate.

Likewise, counsel did not render ineffective assistance by failing to object to the career offender enhancement.   Petitioner's convictions for robbery with a firearm and battery on a law enforcement officer listed in the PSR constituted two predicate offenses under U.S.S.G. § 4B1.1.   *See United States v. Jackson*, No. 14-12162, 2016 WL 1253841, at *6 (11th Cir. Mar. 31, 2016) ("a prior conviction for felony battery on a law enforcement officer . . . [is] . . . a crime of violence under the residual clause of the career offender guideline.").   Petitioner, therefore, has not demonstrated deficient performance or prejudice based on counsel's failure to challenge the career offender enhancement. Accordingly, ground eight is denied except as to Petitioner's claim regarding his

16

sentences pursuant to 18 U.S.C. § 3559(c) for Counts One, Six, and Nine.   Ground nine is denied.

###    H.       Grounds Ten and Fifteen

In grounds ten and fifteen, Petitioner asserts counsel rendered ineffective assistance by failing to object to the enhancement of his sentence for brandishing a firearm.   (Doc. 4 at 29, 44).   In support of these grounds, Petitioner relies on *Alleyne v. United States,* 133 S. Ct. 2151, 2162-63 (2013), holding that the finding of whether a defendant brandished a firearm in connection with a crime of violence to support an enhanced sentence under § 924(c)(1)(A)(ii), is an element of a separate, aggravated offense that has to be made by the jury.

Petitioner was sentenced on August 13, 2012, and *Alleyne* was issued on June 17, 2013.   The Eleventh Circuit has held that counsel cannot be deemed ineffective for failing to anticipate a change in the law.    *See Black v. United States,* 373 F.3d 1140, 1146 (11th Cir. 2004); *United States v. Ardley,* 273 F.3d 991, 993 (11th Cir. 2001) ("[I]t is not ineffective assistance for an attorney to fail to foresee a change in the law . . . even when the change is such that the forfeited issue was, in hindsight, a sure fire winner.").   Prior to *Alleyne,* courts were permitted to increase the minimum mandatory sentence without a factual finding by the jury.    *See Harris v. United States,* 536 U.S. 545, 568 (2002).   Consequently, *Alleyne* constituted a departure from existing precedent.   Counsel, therefore, was not deficient for failing to object to Petitioner's sentence for Count Two because it would be

unreasonable to expect counsel to predict the change in the law.   *See, e.g., Gutierrez v. United States*, No. 8:11-CR-313-T-30EAJ, 2014 WL 6473743, at *8 (M.D. Fla. Nov. 18, 2014) (denying ineffective assistance of counsel claim premised on *Alleyne*).   Accordingly, grounds ten and fifteen are denied.

## I.   Ground Eleven

Petitioner asserts counsel rendered ineffective assistance by failing object to the imposition of individual sentences for the § 924(c) convictions, Counts Two, Seven, and Ten.   (Doc. 4 at 29).   Petitioner further complains that counsel should have submitted a jury instruction allowing the jurors to determine whether the § 924(c) offenses constituted a single offense.   (*Id.* at 31).   In support of this ground, Petitioner argues that the robberies constituted a single offense because they involved a common scheme or plan and involved the same victim.   (*Id*. at 29-31).

Petitioner has not cited, nor is the Court aware of, any law holding that multiple charges and convictions for violation of § 924(c) occurring on separate dates constitute a single offense or require a single sentence.   The case law cited by Petitioner in support of ground eleven relates to the use of prior convictions in applying the sentencing guidelines.   None of these cases support Petitioner's argument.   Consequently, Petitioner has not shown either deficient performance or prejudice from counsel's failure to object or request a jury instruction as to the § 924(c) offenses.   Accordingly, ground eleven is denied.

### J.       Grounds Twelve and Fourteen

In grounds twelve and fourteen, Petitioner contends counsel rendered ineffective assistance by failing to object to jury instructions which amended the indictment.   (Doc. 4 at 34, 41-42).   Specifically, Petitioner argues that the jury instructions for the § 924(c) offenses "gave only a definition on the factors comprising 'possessing a firearm in furtherance of' a crime of violence", and there was no definition given for the "in relation to" element of the offense.   (*Id.*).   Similar to ground three *supra,* Petitioner also maintains that counsel should have moved to dismiss the § 924(c) counts because they were duplicitous as he was charged with committing the offenses in both manners provided for by 18 U.S.C. § 924(c).   (*Id.*).

As noted previously, "[a]n indictment is not duplicitous if, in one count, it charges a defendant with violating the statute in both ways."   *Burton,* 871 F.2d at 1574. Therefore, counsel was not deficient for failing to move to dismiss the § 924(c) counts simply because Petitioner was charged with committing the offenses in both manners provided by the statute.

Likewise, the Court's failure to define the term "in relation to" did not result in the amendment of the indictment.   The Court instructed the jury that the indictment charged Petitioner with knowingly carrying a firearm during and in relation to a violent crime and possessing a firearm in furtherance of a violent crime.   (Criminal Case Doc. 56 at 15-16).   The Court, however, instructed the jury that the Government was required

to prove the commission of the offenses by only one of those ways and the manner had to be unanimously agreed upon by the jury.   (*Id*.).   The jury instructions only defined the term "in furtherance of".   (*Id.*).

A constructive amendment of an indictment occurs "'when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment.'"   *United States v. Mozie*, 752 F.3d 1271, 1283 (11th Cir. 2014) (quoting *United States v. Dortch,* 696 F.3d 1104, 1112 (11th Cir. 2012)).   The jury instructions did not broaden the possible bases for conviction beyond what was contained in the indictment.   Furthermore, ample evidence was presented from which the jury could find that Petitioner committed the § 924(c) offenses by either manner provided by statute.   Consequently, counsel was not deficient for failing to object to the jury instructions nor did prejudice result therefrom.   Accordingly, grounds twelve and fourteen are denied pursuant to *Strickland*.

## K.     Ground Thirteen

Petitioner asserts counsel rendered ineffective assistance by failing to object to the imposition of multiple sentences for the three § 924(c) convictions.   (Doc. 4 at 28).   In support of this ground, Petitioner argues that the mandatory minimum sentence of twenty-five years imposed for Counts Seven and Ten is only permissible if the defendant used different firearms in committing the offenses.   (*Id*.).

Petitioner has not established deficient performance or prejudice.   Section 924(c)

provides that "[i]n the case of a second or subsequent conviction under [section 924(c),] the person shall be sentenced to a term of imprisonment of not less than 25 years."   18 U.S.C. § 924(c)(1)(C)(i).   Section 924(c) also requires any additional terms of imprisonment to be consecutive: "no term of imprisonment imposed on a person under [section 924(c)] shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed."   18 U.S.C § 924(c)(1)(D)(ii).   The Eleventh Circuit has held that multiple convictions and sentences for § 924(c) violations are permissible when they involve distinct predicate crimes of violence even if they were part of a single course of conduct.   *See United States v. Rahim,* 431 F.3d 753, 757 (11th Cir. 2005).

In the instant case, the § 924(c) counts were predicated on distinct robberies occurring on different dates.   It does not matter whether Petitioner used the same firearm in each of the distinct predicate offenses.   Therefore, counsel was not deficient for failing to object to the sentences for the § 924(c) convictions nor did prejudice result therefrom.   Accordingly, ground thirteen is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.     Petitioner's amended motion to vacate, set aside, or correct an illegal

21

sentence pursuant to 28 U.S.C. § 2255 (Doc. 4) is **GRANTED IN PART AND DENIED IN PART**.   Ground eight is granted as to Petitioner's contention that his sentences for Counts One, Six, and Nine are improper.   Petitioner shall be resentenced on Counts One, Six, and Nine.   Grounds one through seven and nine through fifteen, as well as the remainder of ground eight, are denied.   Petitioner will be appointed counsel, and a sentencing date will be set by separate order.

2.   The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.   The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:11-cr-206-Orl-31GJK and to terminate the motions (Criminal Case Doc. Nos. 125 and 127) pending in that case.

4.   This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   Petitioner has failed to make a substantial showing of the denial of a constitutional right.[3]   Accordingly, a Certificate of Appealability is **DENIED** in this case.

---

[3] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Courts*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   *Rules Governing Section 2255 Proceedings for the United States District Courts*, Rule 11(a).

**DONE AND ORDERED** in Orlando, Florida, this 20th day of April, 2016.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 10/15
Counsel of Record
Kenneth Leander Harris